PASSAIC WATER COMPANY v. MAYOR AND ALDERMEN OF THE CITY OF PATERSON AND THE PEOPLE'S WATER COMPANY.

JOHN REYNOLDS AND JOHN W. FERGUSON v. MAYOR AND ALDERMEN OF THE CITY OF PATERSON AND THE PEOPLE'S WATER COMPANY.

Argued June 9, 1900—Decided November 12, 1900.

1. The act of April 2d, 1888 (*Gen. Stat.*, *p.* 2210), does not authorize municipal corporations to enter into contract with another party by which the latter shall furnish a supply of water to the inhabitants of the municipality and collect from them therefor such rents as it shall from time to time prescribe within certain limits fixed by the contract with the municipal corporation.

2. An important part of an ordinance being illegal, other connected parts must be deemed invalid.

---

On *certiorari* to remove an ordinance of the common council of Paterson.

Before Justices Dixon and Collins.

For the Passaic Water Company, *Eugene Stevenson* and *Charles L. Corbin.*

For Reynolds and Ferguson, *William I. Lewis.*

For the city of Paterson, *Thomas C. Simonton.*

For the People's Water Company, *William B. Gourley.*

The opinion of the court was delivered by

DIXON, J. The matter for consideration is the legality of an ordinance adopted by the city of Paterson on January 8th, 1900, the object of which is to authorize the People's Water Company to lay and maintain pipes through the streets of the city for the purpose of supplying water for the use of the municipality and of the inhabitants of the city, to fix the terms on which the water shall be furnished for municipal purposes, to prescribe a limit beyond which the inhabitants shall not be charged for water used by them, and to secure to the city an option to purchase the plant which the company may construct. On written acceptance of the ordinance by the company, it was to become a contract enduring for twenty-five years.

The power to pass the ordinance is rested by the defendants upon the statute approved April 2d, 1888 (*Gen. Stat.*, *p.* 2210), and the important question in the cause is, whether the ordinance is authorized by that act.

In one of its material provisions, we think, this ordinance is beyond the power delegated by that statute, viz., in providing that the company shall furnish water directly to the inhabitants and receive directly from them compensation therefor, at prices to be fixed by the company from time to time within the limit prescribed by the ordinance.

The first clause of the statute bearing upon this question empowers the municipal authorities to contract "for the obtaining and furnishing of a supply, or a further or other supply, of water, to such municipal corporation, for the pur-

pose of extinguishing fires and for such other lawful uses and purposes as may be deemed necessary or convenient."

This language plainly states that the supply contracted for is to be furnished *to the municipal corporation,* and, as the only purpose specifically mentioned is a strictly municipal purpose, the extinguishment of fires, it implies that the other purposes intended are of like character, viz., those for which the municipal corporation itself would use the water.

But this *implication* is rebutted by a subsequent clause of the statute, which empowers the municipal corporation to raise by tax the money which it shall have agreed to pay, "or so much thereof as may be necessary, after appropriating to the payment thereof the water rents or proceeds of sales of water *collected by such municipal corporation* applicable to that purpose." This clause evidently extends the purposes for which water may be furnished so as to include those for which water rents may be collected by the municipal corporation; that is, it authorizes a supply for the use of the inhabitants. This accords with the view expressed in *Brady* v. *Bayonne, 28 Vroom* 379.

But the clause just mentioned does not militate against the previous declaration, that the supply is to be furnished *to the municipal corporation.* On the contrary, it confirms that idea, for the water rents are to be collected *by the municipal corporation,* and are to be appropriated to the payment of the sum of money agreed *to be paid by it.*

Taking these expressions of the act together, they seem to compel the conclusion that the municipal corporation must itself receive the water from the other contracting party and furnish it to the inhabitants.

There is reason for the power being granted by the legislature in this restricted form. Under this power the price to be exacted from the inhabitants using the water remains continuously in the control of the municipal government; while, according to the scheme of this ordinance, the price will be controlled by the contracting company, subject only to the limitations which the ordinance prescribes. There is a

substantial difference, of much importance to the inhabitants, between having their own representatives always able to fix a just price for this necessary of life, and having those representatives exert only a partial control over the price, and that on a single occasion, which will not recur in twenty-five years.

The case of *Van Giesen* v. *Bloomfield,* 18 *Vroom* 442, is cited to support the opposite view; but the statute then construed differed from that now under review in respects quite material to the present discussion, and the case therefore has here no bearing.

We conclude that this statute does not warrant such a contract for supplying the inhabitants of the city with water as is embodied in this ordinance.

It is further urged that, even if this part of the ordinance be illegal, the residue, authorizing the laying of pipes in the streets to supply water for the use strictly of the municipal corporation, should be sustained. But we think that the purpose of supplying the inhabitants with water is so imbedded in the permission to lay and maintain the pipes, and is so important an element in the design to be subserved by the ordinance, that it cannot be presumed that without it the other provisions of the ordinance would have received municipal assent. The entire ordinance is, therefore, invalid. *Chamberlain* v. *Hoboken,* 9 *Vroom* 110; *Landis* v. *Vineland,* 25 *Id.* 75; *Avis* v. *Vineland,* 26 *Id.* 285.

Nor is the difficulty helped by the following clause of the ordinance: "Should any portion of this ordinance or contract be invalid, then so much thereof as shall not be invalid shall be and remain in full force and effect." Taken literally, this clause is inapplicable, for, as we have found, on legal principles there is no part which is not invalid. But if we assume that this clause was intended to sustain every feature of the ordinance which was not, in and of itself, illegal, still it should not have effect in the present case. For the difference between supplying water for the use of the municipal corporation only, and the supplying of water

for its uses and the use of the inhabitants as well, is so great that it would be unreasonable for the governing body of a municipality to make the same disposition of all the "public streets, avenues, highways, alleys and other public grounds" for the minor purpose as it might reasonably make for the double and larger purpose. Moreover, the municipality is not endowed with power to abrogate the rule of law under which the connected parts of its own acts must stand or fall together.

The proceedings under review are set aside, with costs.